IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD F. STOCKTON                                                                                    PLAINTIFF

    v.                             CIVIL NO. 2:20-cv-02138-MEF

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 25, 26). The parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this case (ECF No. 5), and pursuant to said authority the Court issues this Order.

On November 30, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,341.90, representing a total of 6.90 attorney hours for work performed in 2020, at an hourly rate of $203.00; 13.60 attorney hours for work performed in 2021, at an hourly rate of $206.00; and 4.50 paralegal hours at an hourly rate of $75.00. (ECF No. 26-2). On December 10, 2021, the Defendant filed a response voicing no objections to Plaintiff's request for fees. (ECF No. 27).

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,341.90.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Based upon the foregoing, Plaintiff is awarded the sum of **$4,341.90** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 13th day of December 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE